IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER A. WATKINS,** **#S12114,**  Petitioner,  v.  **FRANK LAWRENCE,**  Respondent. | Case No. 19-cv-1106-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Christopher A. Watkins, an Illinois Department of Corrections inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Watkins was convicted of felony murder in Jefferson County, Illinois, and was sentenced to 45 years' imprisonment in August 2011. *People v. Watkins*, No. 06-CF-428 (2nd Judicial Circuit). He filed a direct appeal and a state postconviction petition. The state Supreme Court denied his petition for leave to appeal in the postconviction case on September 25, 2019. *People v. Watkins*, 132 N.E.3d 321 (Ill. 2019).

Watkins asserts several grounds for habeas relief, including ineffective assistance of counsel, prosecutorial misconduct, and denial of his right to effectively cross examine a witness.

Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Watkins is not entitled to habeas relief.

## MOTION FOR RECRUITMENT OF COUNSEL

Watkins has filed a Motion for Recruitment of Counsel (Doc. 3). The Court may appoint counsel for an indigent habeas petitioner under 28 U.S.C. §2254(h), and the appointment of counsel is governed by 18 U.S.C. § 3006A. Neither statute creates a right to counsel; rather, these statutes give the court broad discretion to appoint counsel for a petitioner seeking habeas relief.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010), citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Watkins does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Watkins has not made a reasonable attempt to find counsel, and thus his motion is denied at this time.

## SUBSTITUTION OF PROPER RESPONDENT

In habeas actions challenging present custody, the proper Respondent is generally

the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). The current warden of Menard is Alex Jones.

## DISPOSITION

The Clerk of Court is **DIRECTED** to **TERMINATE** Frank Lawrence as respondent and **SUBSTITUTE** Alex Jones as respondent. The Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS HEREBY ORDERED** that Respondent Jones shall answer or otherwise plead on or before **April 8, 2020**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Watkins is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.